UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____/

JUSTIN GRAUER,

               **TO BE FILED UNDER SEAL**

      Respondent

               Index No.
--against--               2007 CIV 9274(JSR)


UNITED STATES OF AMERICA
 ,               Ind. No.
               S1 06 Cr. 150 (JSR)
     Petitioner
_____/

**OBJECTIONS TO REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE-JUDGE**

     **COMES NOW THE PETITIONER:** Justin Grauer by and through his counsel who respectfully submits his Objections to the Report and Recommendation of the United States Magistrate-Judge in this proceeding. Mr. Grauer requests a **de novo review** by the District Court.

**OBJECTION NUMBER ONE:**

     The Report and Recommendation ("R&R"), sets forth that Mr. Grauer is barred under the requirements of <u>Marone v United States</u> 10 F. 3rd 65, 67, 2nd CA (1993), (R&R @ p-13). The problem with that finding is that Mr. Grauer's claim is based on ineffective assistance of counsel because his attorney's advice was flawed in that he advised the defendant that the government **would** give him the opportunity of earning either a 5k1.1 motion and/or a post sentence Rule 35 motion. The government offered these carrots in exchange for withdrawing the motion to suppress the fruits of the search of his apartment. The defendant knew

he possessed information of substantial evidentiary value and believed he could satisfy the government. While it may be true that the defendant assumed the risk of failing to satisfy the government once the government listened to what he had to offer, he was entitled to believe that the government would keep its promises and listen to his proffer. Once the suppression motion was withdrawn and the plea of guilty entered, the government never provided the agreed proffer sessions. In fact, the government originated the idea of cooperation. They telephoned defense counsel and requested the defendant's cooperation in the first place. They told counsel they needed his cooperation to stem the flow of methamphetamine from the western United States into New York City and this would be the defendant's best chance of obtaining a shorter sentence. As a prerequisite to the cooperation the defendant needed to withdraw all pending motions and enter into a plea agreement. The government deceived defense counsel and rendered defense counsel ineffective. Once the plea of guilty was entered the government never scheduled a cooperation conference despite repeated requests. The government manipulated the defendant by deceiving defense counsel. In addition, when the defendant was before the court the government specifically instructed that the defendant should not mention the cooperation. They "played" the defendant and their behavior was not ethical. For this reason it cannot be said that the withdrawal of his motion to suppress, his waivers and/or or his plea of guilty were voluntary or informed. The magistrate judge ruled that the government did not make an "enforceable promise". It is not contended, as the magistrate judge suggests, that there was a

promise to provide a 5K1.1 motion or a Rule 35 motion. The promise referred to is much smaller. They promised to conduct proffer sessions and provide a potential path to such a motion. Such a promise is enforceable. It is a contractual agreement.

An ineffective assistance of counsel claim is normally brought in a § 2255 proceeding as the R&R correctly points out in relying on <u>Massaro v United States</u> 538 US 500, 503-504, (2003). Therefore, the finding by the R&R should be overruled on this claim.

**OBJECTION NUMBER TWO:**

The R&R correctly refers to the guilty plea events from the record available to the Court, (see R&R p-16-18). In the instant § 2255 however, Mr. Grauer pointed out in his Motion For Evidentiary Hearing[1] that the sworn affirmation of defense counsel placed numerous facts in dispute, (*see Motion For* Evidentiary Hearing @ p-2). Mr. Grauer specifically objects to the R&R's findings of fact and conclusions of law that were made without a hearing to determine the facts as alleged in the affirmation of defense counsel. The R&R fails to determine the true state of facts.

The R&R's statements of the applicable law are correct. Mr. Grauer objects to the findings of fact that apparently were made solely on the Respondent's arguments rather than on developing the record by conducting an evidentiary hearing. The serious allegations by defense counsel cannot be ignored in this case. A pattern of deceptive practices by the government's counsel should not be ignored in the interests of substantial justice.

---

[1] The subject motion is respectfully incorporated into in support of these objections.

3

The affirmation supports the conclusion that Mr. Grauer's guilty plea was **not a voluntary, informed, intelligent event**. The R&R does not rule on the allegations set forth in the affirmation at all. Although those allegations are the crux of the § 2255, the R&R fails to address them.

**OBJECTION NUMBER THREE:**

The R&R in F/N 7 points out that an evidentiary hearing is not warranted if the "files and records of the case conclusively show that the prisoner is entitled to no relief." (Citations omitted) (R&R @ p-11 f/n 7). The flaw in that position is that the affirmation of defense counsel was not considered part of the "files and records" nor was the record further developed or investigated by the Magistrate Judge to enable the Court to make an informed, reliable determination on its claims.

Respectfully Submitted

S/*Raymond S. Sussman*

Raymond S. Sussman
Counsel for the Petitioner
4523 Avenue H
Brooklyn, N.Y. 11234-1409
Telephone 718-338-3302
Fax 347-338-3302
E-Mail RaymondSussman@aol.com

## CERTIFICATE OF SERVICE

**I, RAYMOND S. SUSSMAN HEREBY CERTIFY:** that a true and conformed copy of the foregoing "Objections To Report And Recommendation Of United States Magistrate Judge" was placed this 12th day of September, 2008 in the U.S. Post Office receptacle addressed to the following:

Ms. Natalie Lamarque, Esquire
Assistant U.S. Attorney
For the Southern District of New York
Silvio J. Mollo Building
One Saint Andrews Plaza
New York, New York 10007

Honorable Jed S. Rakoff
United States District Judge
For the Southern District of New York
500 Pearl Street
New York, New York 10007-1312
(Courtesy Copy)

　　　　　　　　　　　　　　　　　　　*S/ Raymond S. Sussman*
　　　　　　　　　　　　　　　　　　　Raymond S. Sussman    Date